**Opinion issued October 15, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00232-CV

———————————

**LAJETTA COLEMAN, Appellant**

**V.**

**YORKTOWN CROSSING, Appellee**

---

**On Appeal from the County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Case No. 1020380**

---

## MEMORANDUM OPINION

Appellant, Lajetta Coleman, attempts to appeal from the trial court's judgment signed November 28, 2012. We dismiss the appeal.

Generally, a notice of appeal is due within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is

extended to 90 days after the date the judgment is signed if, within 30 days after the judgment is signed, any party files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *Id.*; TEX. R. CIV. P. 329b(a), (g). The time to file a notice of appeal may also be extended if, within 15 days after the deadline to file the notice of appeal, a party properly files a motion for extension. *See* TEX. R. APP. P. 10.5(b), 26.3. A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the 15-day extension period provided by Rule 26.3. *See* TEX. R. APP. P. 26.1, 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

Here, the trial court signed the final judgment on November 28, 2012. Therefore, even if Coleman timely filed a motion for new trial or a proper request for findings of fact and conclusions of law, Coleman's notice of appeal was due by February 26, 2013.[1] *See* TEX. R. CIV. P. 329b; TEX. R. APP. P. 26.1.

---

[1] Because Coleman has not paid for the clerk's record in this appeal, no clerk's record has been filed. Nevertheless, we will not require the trial court clerk to file a clerk's record on jurisdiction, because Coleman's notice of appeal states she is appealing from the trial court's November 28, 2012 judgment and the trial court clerk included a copy of the judgment, signed November 28, 2012, with the notice of appeal.

Coleman untimely filed her notice of appeal on March 19, 2013.[2]  Without a timely filed notice of appeal, this Court lacks jurisdiction over the appeal. *See* TEX. R. APP. P. 25.1.

On July 17, 2013, we notified Coleman that her appeal was subject to dismissal for want of jurisdiction unless, by July 29, 2013, she filed a response showing grounds for continuing the appeal.  *See* TEX. R. APP. P. 42.3(a).  Coleman failed to file an adequate response.

Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f).  We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

---

[2]  Coleman's notice of appeal was post-marked on March 16, 2013.  Therefore, even if we assume Coleman filed her notice on that date, her notice was untimely.  *See* TEX. R. APP. P. 9.2(b), 26.1; *see also* TEX. R. APP. P. 26.3.